**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

JOSE SANCHEZ GARCIA                    CIVIL ACTION NO. 26-2778

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

MARKWAYNE MULLIN, ET AL.               MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order (Record Document 6) filed by the habeas petitioner in this case, Jose Sanchez Garcia ("Petitioner"). According to the Petition, Petitioner is a national of El Salvador who is currently being detained at the Winn Correctional Facility in Winnfield, Louisiana. See Record Document 1 at 2. On December 15, 2025, an Immigration Judge issued a final order of removal directing Petitioner to be removed to Honduras pursuant to the Asylum Cooperative Agreement. See id. at 3. Petitioner did not appeal. See id. at 4. On July 7, 2026, Petitioner was placed on an enforcement transmit flight to Honduras to enforce the removal order. See id. Upon arrival, Honduran immigration and border authorities refused entry to Petitioner. See id. Consequently, the flight, and Petitioner, returned to the United States, and Petitioner has remained detained at the Winn Correctional Facility since that time. See id. Petitioner then filed a Habeas Petition (Record Document 1) and the instant Motion for Temporary Restraining Order and Preliminary Injunction Staying Removal (Record Document 6). Petitioner requests (1) an order enjoining the Government from removing him from the United States and (2) that the Court set an expedited briefing schedule on the Habeas Petition.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks to enjoin his removal.  A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id.,

(citing <u>Humphries v. Various Fed. USINS Emps.</u>, 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted)).  This Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of his Habeas Petition.  <u>See</u> <u>Fabuluje v. Immigration & Naturalization Agency</u>, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that the district court was without jurisdiction to grant a stay of removal under § 1252(g)); <u>Idokogi v. Ashcroft</u>, 66 F. App'x 526, 526 (5th Cir. 2003) (same); <u>see also Westley v. Harper</u>, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

As for the request for an expedited briefing schedule, the Court will set the briefing deadlines in accordance with the procedures set out in Standing Order 1.74 (Record Document 5).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order (Record Document 6) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of August, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE